IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JEREMY MONCREASE, Individually
and on behalf of Others Similarly Situated**                         **PLAINTIFF**

vs.                              No. 5:15-cv-951

**KEANE GROUP, LLC; JAMES STEWART,**
**Individually and as an Officer of KEANE**
**GROUP, LLC; PAUL DEBONIS, Individually**
**and as an officer of KEANE GROUP, LLC; and**
**GREGORY L. POWELL, Individually and as an**
**Officer of KEANE GROUP, LLC**                                              **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jeremy Moncrease, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Keane Group, LLC, James Stewart, Paul Debonis and Gregory L. Powell (collectively referred to hereinafter as "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiff Jeremy Moncrease on behalf of himself and on behalf of other Operators employed by Defendants at any time within a three year period preceding filing of this Complaint.

2.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other Operators overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Keane Group, LLC, resides, and does business, in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to overtime violations alleged in this Complaint reside in this District.

8. On information and belief, the payroll records and other documents related to the payroll practice Plaintiff challenges are located in this District.

9. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Jeremy Moncrease is a resident and citizen of Faulkner County, Arkansas. He was employed by Defendants as an Operator within the three (3) years preceding the filing of this Original Complaint.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Keane Group, LLC, is a Delaware limited liability company, licensed to do business in the State of Texas.

14. Keane Group, LLC's registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Defendant James Stewart is an officer and member of Keane Group LLC. James Stewart is a CEO of Keane Group, LLC, and at all times relevant hereto, had operational control over Keane Group, LLC.

16. At all times relevant hereto, Defendant James Stewart had the power to hire and fire employees of Keane Group, LLC, supervised and set wages and wage policies for Keane Group, LLC's employees.

17. Defendant Paul DeBonis is an officer and member of Keane Group LLC. Paul DeBonis is a COO of Keane Group, LLC, and at all times relevant hereto, had operational control over Keane Group, LLC.

18. At all times relevant hereto, Defendant Paul DeBonis had the power to hire and fire employees of Keane Group, LLC, supervised and set wages and wage policies for Keane Group, LLC's employees.

19. Defendant Gregory L. Powell is an officer and member of Keane Group LLC. Gregory L. Powell is a CFO of Keane Group LLC, and at all times relevant hereto, had operational control over Keane Group, LLC.

20. At all times relevant hereto, Defendant Gregory L. Powell had the power to hire and fire employees of Keane Group, LLC, supervised and set wages and wage policies for Keane Group, LLC's employees.

21. Defendant Keane Group LLC is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class(es).

22. Defendant James Stewart is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class(es).

23. Defendant Paul DeBonis is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class(es).

24. Defendant Gregory L. Powell is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class(es).

25. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

26. Keane Group, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.  REPRESENTATIVE ACTION ALLEGATIONS

21. Plaintiff Jeremy Moncrease brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Operators who were or are employed by Defendants and who are entitled to payment for overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

22. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds 50 persons but is less than 250 persons.  Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

23. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

24. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

25. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

26. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendants' failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

27. Plaintiff Jeremy Moncrease alleges that Defendants improperly calculated regular rate of pay and overtime for Plaintiff and other Operators employed by Defendants.

## V. FACTUAL ALLEGATIONS

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

29. From September of 2014 until April of 2015, Plaintiff worked for Defendants as an Operator.

30. During his shifts, Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendants.

31. Plaintiff was classified as an hourly employee.

32. Plaintiff was also paid a non-discretionary bonus.

33. The bonus was a percentage of the total amount collected by Defendants on the projects worked on by Plaintiff.

34. In addition, Defendants paid Plaintiff and other similarly-situated employees one-and-one-half of their hourly rate for each hour they worked over forty in a workweek.

35. However, Defendants did not include bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

36. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Defendants violated the FLSA by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

38. Plaintiff worked for Defendants in North Dakota and Pennsylvania and Defendants' pay practices were the same at all locations.

39. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Operators violated the FLSA.

40. Defendants' workers routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

43. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

44. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### VII.  CLASS ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

47. Plaintiff Jeremy Moncrease brings this collective action on behalf of all Operators employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

48. Plaintiff Jeremy Moncrease brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

49. In the past 3 years, Defendants have employed dozens of Operators.

50. Like Plaintiff, these Operators regularly worked more than 40 hours in a week.

51. Defendants failed to pay these workers at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Operators employed by Defendants within the past three years.**

This group includes, but is not necessarily limited to, hourly paid workers employed in States where Defendants do business.

## VII.     EQUITABLE TOLLING

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

54. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

55. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

56. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435,

439 (D.N.J. 2001); <u>Kamens v. Summit Stainless, Inc.</u>, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

57. Defendants failed to post all appropriate notices regarding the FLSA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Moncrease respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(a) That Defendants be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

                                        Respectfully submitted,

**PLAINTIFF JEREMY MONCREASE,**
**individually and on behalf of**
**Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
       Josh Sanford
       Texas. Bar No. 24077858
       josh@sanfordlawfirm.com