IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMY MONCREASE, Individually, and on behalf of Others Similarly Situated, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 5:15-cv-951-FB |
| KEANE GROUP, LLC, JAMES STEWART, Individually and as an Office of KEANE GROUP, LLC; PAUL DEBONIS, Individually and as an Office of KEANE GROUP, LLC; and, GREGORY L. POWELL, Individually and as an Officer of KEANE GROUP, LLC, | | |
| Defendants. | | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Without waiving its defenses, Defendant Keane Group Holdings, LLC ("Defendant")[1] answers Plaintiff Jeremy Moncrease's ("*Plaintiff*" or "Moncrease") Complaint in paragraphs that correspond by label and number as follows:

## I. PRELIMINARY STATEMENTS

1. Defendant makes no response to the allegations in paragraph 1 because they are legal, descriptive, or introductory in nature and require no response. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

---

[1] The individual Defendants have not yet been served.

## II. JURISDICTION AND VENUE

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

## III. THE PARTIES

10. Defendant re-asserts and reincorporates its responses to paragraphs 1-9 of the Complaint, as if fully set forth herein.

11. Defendant is without sufficient knowledge to admit or deny the place of Plaintiff's residence and therefore denies same. Defendant admits he was employed as an operator by Defendant. Defendant denies the remaining allegation in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits Keane Group Holdings LLC is an employer under the FLSA. Defendant denies the remaining allegations in paragraph 26.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

27. Defendant denies the allegations in paragraph 21 [sic].[2]

28. Defendant denies the allegations in paragraph 22 [sic].

29. Defendant makes no response to the allegations to allegations in paragraph 23 [sic] as they are jurisdictional or descriptive in nature. To the extent a response is required, Defendant denies the allegations in paragraph 23 [sic].

30. Defendant denies the allegations in paragraph 24 [sic].

31. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25 [sic] and therefore denies same.

32. Defendant denies the allegations in paragraph 26 [sic], including subparts A and B.

33. Defendant denies the allegations in paragraph 27 [sic].

## V. FACTUAL ALLEGATIONS

34. Defendant re-asserts and reincorporates its responses to paragraphs 1-26 and 21-27 [sic] of the Complaint, as if fully set forth herein.

---

[2] Plaintiff's Complaint misnumbers paragraphs after 27.

35. Defendant admits Plaintiff worked for Keane Group Holdings, LLC as an operator from September 2014 – April 2015. Defendant denies the remaining allegations in paragraph 29 [sic].

36. Defendant denies the allegations in paragraph 30 [sic].

37. Defendant admits the allegations in paragraph 31 [sic].

38. Defendant admits the allegations in paragraph 32 [sic].

39. Defendant denies the allegations in paragraph 33 [sic].

40. Defendant admits that Plaintiff was paid a bonus. Defendant denies the remaining allegations in paragraph 33 [sic].

41. Defendant admits that it paid Plaintiff one and a half times his hourly rate if he worked over 40 hours in a workweek. Defendant denies the remaining allegations in paragraph 34 [sic].

42. Defendant denies the allegations in paragraph 35 [sic].

43. Defendant admits that is a correct recitation of 29 CFR 778.208. Defendant denies the remaining allegations in paragraph 36 [sic].

44. Defendant denies the allegations in paragraph 37 [sic].

45. Defendant denies the allegations in paragraph 38 [sic].

46. Defendant denies the allegations in 39 [sic].

47. Defendant admits that it employed workers as set forth in paragraph 40 [sic]. Defendant denies the remaining allegations in paragraph 40 [sic].

## VI. <u>LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF</u>

48. Defendant reasserts and reincorporates its responses to paragraphs 1-26 and 21-40 [sic] of the Complaint as if set forth fully herein.

49. Defendant denies the allegations in paragraph 42 [sic].

50. Defendant denies the allegations in paragraph 43 [sic].

51. Defendant denies the allegations in paragraph 44 [sic].

52. Defendant denies the allegations in paragraph 45 [sic].

## VII. CLASS ACTION ALLEGATIONS

53. Defendant reasserts and reincorporates its responses to paragraphs 1-26 and 21-45 [sic] of the Complaint as set forth fully herein.

54. Defendant denies the allegations in paragraph 47 [sic].

55. Defendant denies the allegations in paragraph 48 [sic].

56. Defendant denies the allegations in paragraph 49 [sic].

57. Defendant denies the allegations in paragraph 50 [sic].

58. Defendant denies the allegations in paragraph 51 [sic].

## VIII. EQUITABLE TOLLING

59. Defendant reasserts and reincorporates its responses to paragraphs 1-26 and 21-51 [sic] of the Complaint as set forth fully herein.

60. Defendant denies the allegations in paragraph 53 [sic].

61. Defendant denies the allegations in paragraph 54 [sic].

62. Defendant admits the allegations in paragraph 55 [sic].

63. Defendant denies the allegations in paragraph 56 [sic].

64. Defendant denies the allegations in paragraph 57 [sic].

## IX. PRAYER FOR RELIEF

65. Defendant denies Plaintiff is entitled to any of the relief requested in the prayer for relief on pages (10) and (11) of the Complaint paragraphs (a) through (g) inclusive.

## X. AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendant.

3. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrines of estoppel, offset and/or setoff.

5. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

6. To the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7. Defendant's failure to pay Plaintiff and other allegedly similarly situated overtime wages, if any, was in good faith conformity with and in reliance upon an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

8. If Defendant's failure to pay overtime wages, if any, was unlawful, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

9. If Defendant's failure to pay overtime wages, if any, was unlawful, none of Defendant's actions or omissions constituted a willful violation of the FLSA.

10. Assuming arguendo, that Plaintiff, and/or others allegedly similarly situated, are entitled to any overtime compensation, any time spent in any noncompensable preliminary or postliminary activities must be excluded from compensable hours of work.

11. Any amount of compensation claimed or sought by Plaintiff and/or others allegedly similarly situated, is not to the extent alleged, and Defendant is entitled to a statutory credit towards overtime compensation sought under 29 U.S.C. §207.

12. Plaintiff and/or others allegedly similarly situated have sustained no damages. To the extent Plaintiff, and/or others allegedly similarly situated, can establish the existence of any damages, the amount of compensation claimed or sought is *de minimis*, which is not actionable under the FLSA.

13. At all relevant times, Plaintiff, and/or others allegedly similarly situated, were compensated by Defendant at a rate that exceeded the minimum wage set forth in the PMWA.

14. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrine of laches.

15. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrine of accord and satisfaction.

16. Plaintiff and the others allegedly similarly situated are not entitled to both prejudgment interest and liquidated damages under the FLSA.

17. Plaintiff and the others allegedly similarly situated are not entitled to Compensatory damages under the FLSA.

18. Defendant denies the existence of an ascertainable common class making such an action appropriate.

19. Plaintiff is not similarly situated to the proposed class members for the purposes of the FLSA.

20. Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment because, *inter alia*, the proposed class members are not similarly situated and/or do not meet the numerosity requirement.

21. Plaintiff's purported class claims should be dismissed, in whole or in part, because the types of claims alleged by Plaintiff on behalf of himself and the purported class members are matters in which individualized questions of fact and proof of damages predominate, defeating the purported efficiency of the class action device and risking Seventh Amendment rights.

22. Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Dated: December 4, 2015

Respectfully submitted,

/s/ *Carrie B. Hoffman*
Carrie B. Hoffman
Texas Bar No. 00787701
J. Michael Thomas
Texas Bar No. 24066812
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
Telephone: (214) 999-4262
Facsimile: (214) 999-3262
E-mail: choffman@gardere.com
E-mail: mthomas@gardere.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to ECF rules, this document shall be electronically served to all counsel of record in this matter via the Court's Notice of Electronic Filing automatically generated by the ECF system.

/s/ *Carrie B. Hoffman*
Carrie B. Hoffman