# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Western District of Texas, Plaintiff Jeremy Moncrease ("Plaintiff"), and Defendant Keane Group Holdings, LLC agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Western District of Texas entitled Jeremy Moncrease v. Keane Group Holdings, LLC, Case No. 5-15-cv-951-FB.

2. "Plaintiff's Counsel" shall mean Josh Sanford and Christopher Burks of The Sanford Law Firm, PLLC.

3. "Defendant" shall mean Keane Group Holdings, LLC and all of its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Parties" shall mean the Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

5. "Final" shall mean the date the Court has approved the Settlement.

6. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

7. On October 30, 2015, Plaintiff Jeremy Moncrease commenced the Action with respect to the claims he asserted.

8. In the Action, Plaintiff alleged that Defendant failed to pay him overtime compensation under the Fair Labor Standards Act ("FLSA").

9. Defendant denies any liability or wrongdoing of any kind. The Parties agree that a bona fide dispute exists regarding Plaintiff's claims, including whether and how many overtime hours Plaintiff worked, whether any of those overtime hours were uncompensated, whether Defendant acted in good faith, and whether any alleged violation of the FLSA was willful.

10. On April 22, 2016, the Parties, by and through their respective counsel reached a binding agreement to settle the Action on the terms set forth in this Settlement.

11. Plaintiff's Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendant, including reviewing relevant documents, and researching the applicable law

**EXHIBIT 1**

and the potential defenses. Based on their own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

12. The Settlement covers the claims of Jeremy Moncrease. The putative class's allegations were resolved in another matter against Defendant, Stanek v. Keane Frac.

13. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff on those claims.

## TERMS OF SETTLEMENT

14. **Total Settlement Payment:** The Total Settlement Payment is Eighteen Thousand Eight Hundred Fifty Three Dollars and Six Cents ($18,853.06) including: (a) all Settlement payments to Plaintiff; and (b) Plaintiff's Counsel's attorneys' fees and expenses.

15. **Payment to Plaintiff:** Ten Thousand Nine Hundred Thirty Seven and Nineteen Cents ($10,937.19) of the Total Settlement Payment will be paid to Plaintiff Jeremy Moncrease. Payment will not be made until after the Court approves this Settlement Agreement.

16. **Treatment of Plaintiff's Settlement Payments:** The Parties agree that the Settlement Payments will be treated as settlement of claims for wages and will be subject to W-2 reporting, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law. Defendant will pay its portion of employer payroll taxes and withholdings as required by law.

17. **Plaintiff's Counsel's Attorneys' Fees and Costs:** Seven Thousand Nine Hundred Sixteen and Forty Six Cents ($7,916.46) of the Total Settlement Payment will be paid to Plaintiff's Counsel for attorneys' fees and expenses incurred in the Action. Defendant will issue to Plaintiff's Counsel Forms 1099 with respect to the attorneys' fees and expenses. Payment will not be made until after the Court approves this Settlement Agreement.

18. **Distribution Process:** Defendant will mail Plaintiff's settlement payments and Plaintiff's Counsels' attorneys' fees and costs to the office of Plaintiff's Counsel within ten (10) days of the Court's approval. Separate checks will be issued to each Plaintiff and Plaintiff's Counsel. Plaintiff's Counsel will distribute Plaintiff's checks to Plaintiff.

19. **Dismissal With Prejudice of the Action:** Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## RELEASE OF CLAIMS

20. **Released Claims:** Plaintiff releases Defendant from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., or any other federal state, local statute, regulation, or common law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, for the Released Period.

21. **Released Period:** The Released Period shall mean the period of three years prior to the date the action was filed through and including the date on which the Court gives approval of the settlement.

22. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiff's Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Plaintiff's Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action. The Total Settlement Payment includes Defendant's share of any and all attorneys' fees and costs of any kind to be awarded to Plaintiff's Counsel and Defendant shall not be required to pay Plaintiff or his Counsel any other money relating to the settlement other than the Total Settlement Payment.

## DUTIES OF THE PARTIES AND/OR THEIR COUNSEL

23. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

24. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

25. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for the entry of an order approving the Settlement.

## PARTIES' AUTHORITY

26. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

27. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this

Gardere01 - 8727272v.1

Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

28. The Parties and Plaintiff's Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

29. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

30. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement

## MODIFICATION

31. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

32. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

33. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

GardercO1 - 8727272v.1

## COUNTERPARTS

34. This Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

35. If any Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

36. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: 5/26/2016    JEREMY MONCREASE

Dated: 5/27/2016    KEANE GROUP HOLDINGS, LLC

By: Gregory L. Powell
Its: President & CFO

Dated: 5/26/2016    JOSH SANFORD
THE SANFORD LAW FIRM, PLLC

5

Dated: 5-27-16

CARRIE B. HOFFMAN
GARDERE WYNNE SEWELL LLP

_____
Attorney for Defendant

6